UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 07 4579**

CLASS ACTION
COMPLAINT

--------------------------------------------------------------------x

SHERYL STARK,

Plaintiff,

-against-

HUDSON & KEYSE LLC,

Defendant

--------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

BIANCO, J. NOV 0 1 2007 ★

BROOKLYN OFFICE

TOMLINSON, M.

Plaintiff, by and through her undersigned attorney, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action on her own behalf and on behalf of all others similarly situated who reside within the Eastern District of New York, for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violation of 15 U.S.C. § 1692.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4.      Plaintiff is a resident of the State of New York, Nassau County.  Defendant is a debt buyer who does business in the State of Ohio and is subject to the Fair Debt Collection Practices Act.  On or about September 17, 2007, defendant commenced an action against this plaintiff in the Supreme Court of Nassau County.

## CLASS ACTION ALLEGATIONS

5.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers residing within the Eastern District of New York, who have been sued by the defendant in the Supreme Court of the State of New York and in which the complaint sought costs although the case should have been brought, based upon the amount of damages demanded, within a lower court, such as the District Court or the Civil Court, from the period beginning one year prior to the filing of plaintiff's complaint and thereafter. Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

2

6.    This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

7.    The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, hundreds of persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

8.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

a.    Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

b.    Whether plaintiff and the Class have been injured by the defendant's conduct;

c.    Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.   .

9.    Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

10.    Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

11.     A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

12.     A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

13.     Defendant has acted on grounds generally applicable to the entire Class.

## STATEMENT OF FACTS

14.     On or about September 17, 2007 the defendant sued the plaintiff in the Supreme Court of the State of New York requesting damages in an amount of less than $15,000.00 and costs.  Because the action should and could have been brought in the local District Court, the defendant, even if it prevailed would not be entitled to costs.

15.     The complaint falsely represented that there was a legitimate basis for seeking costs and further attempted to collect an amount that it was not legally entitled to.

16.     Said conduct violates 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

17.       As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

### FIRST CAUSE OF ACTION
(Violations of the FDCPA)

18.       Each of the above allegations is incorporated herein.

19.       Defendant's debt collection practices violate various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e and 15 U.S.C. § 1692f.

20.       As a result of defendant's violations of the FDCPA, plaintiff has been damaged and is entitled to statutory damages, costs and attorney's fees.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a)       Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b)       Awarding plaintiff and the class statutory damages;

c)       Awarding class members the maximum statutory damages;

f)       Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

g)       Awarding plaintiff such other and further relief as the Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: October 29, 2007
      Cedarhurst, New York

Lawrence Katz
445 Central Avenue Suite 206
Cedarhurst, New York 11516
Telephone (516) 374-2118
Facsimile  (516) 706-2404

6