UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Nº 07-CV-4579 (JFB)
_____

SHERYL STARK,

Plaintiff,

VERSUS

HUDSON & KEYSE LLC,

Defendant.
_____

**MEMORANDUM AND ORDER**
November 7, 2008
_____

JOSEPH F. BIANCO, District Judge:

Plaintiff Sheryl Stark ("plaintiff") brought this action against Hudson & Keyse LLC ("defendant") as a class action on behalf of herself and similarly situated consumers residing within the Eastern District of New York, alleging violation of § 1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act ("FDCPA"), on the basis of defendant's state lawsuit to recover an allegedly outstanding debt from plaintiff in the Supreme Court of New York, in which defendant also sought costs.

Defendant now moves for dismissal of the complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). For the reasons set forth below, defendant's motion is granted under Rule 12(c).

I. BACKGROUND

A. Facts

1. Facts Alleged in the Complaint

The following facts are taken from the complaint ("Compl.") and are not findings of fact by the Court. The Court assumes these facts to be true for the purpose of deciding this motion and construes them in the light most favorable to plaintiff, the non-moving party.

Plaintiff alleges that, on or about September 17, 2007, defendant filed a complaint against plaintiff in the Supreme Court of New York, requesting damages in an amount less than $15,000. (Compl. ¶ 14.) Plaintiff claims that the action should have been brought in "the local District Court" and, therefore, defendant would not have been entitled to costs even if it prevailed. (*Id.* ¶

14.) Plaintiff alleges that defendant "falsely represented that there was a legitimate basis for seeking costs and further attempted to collect an amount that it was not legally entitled to."[1] (*Id.* ¶ 15.)

2. The Action Brought by Defendant in the Supreme Court of New York

On September 17, 2007, defendant brought suit against plaintiff in the Supreme Court of New York in Nassau County, asserting that the parties entered into an agreement on or about December 31, 2004, in which defendant agreed to provide financial services to plaintiff in exchange for payments provided for in a financial services agreement. (*Hudson & Keyse LLC v. Stark* Complaint ¶ 3.) Defendant alleged that, despite providing the agreed-upon services, plaintiff failed to pay $14,239.77 of the outstanding balance for those services. (*Id.* ¶¶ 4-5.) Defendant claimed that, despite numerous requests for payment, plaintiff refused to pay the outstanding debt. (*Id.* ¶ 5.) The complaint and summons were served upon plaintiff with a notice that stated:

> IMPORTANT!! YOU ARE BEING SUED!! THIS IS A COURT PAPER – A SUMMONS! DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED) [sic]. IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! *YOU MAY HAVE TO PAY OTHER COSTS TOO*!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER, BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

(*Hudson & Keyse LLC v. Stark* Summons) (emphasis added). The summons went on to state:

> YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer on the Plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and *in case of your failure to appear or answer, judgment will be taken against you by default for the sum of $14239.77, with interest thereof from 07/31/2006 <u>together with the costs of this action</u>*.

(*Hudson & Keyse LLC v. Stark* Summons) (emphasis added).

---

[1] Other than costs, plaintiff has not argued that defendant "attempted to collect an amount that it was not legally entitled to." In fact, counsel for plaintiff confirmed at oral argument that plaintiff is not claiming that defendant acted unlawfully in seeking to recover the alleged debt itself in state court, but rather allegedly violated the FDCPA by seeking costs in connection with that state lawsuit.

### B. Procedural History

Plaintiff filed the complaint in this action on November 1, 2007. On January 23, 2008, defendant filed an answer to plaintiff's complaint. On July 22, 2008, defendant filed a motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and, in the alternative, motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff was to submit her response to the motion by August 25, 2008 but did not do so. On September 11, 2008, defendant submitted a letter requesting the Court to consider the briefing on the motion to be "fully submitted." On September 23, 2008, plaintiff submitted a response to the motion. The Court amended the briefing schedule to give defendant an opportunity to reply. Defendant's reply was submitted on October 10, 2008. Oral argument was heard on November 3, 2008. All of the submissions have been considered by the Court.

## II. STANDARD OF REVIEW

The motion is a Rule 12(c) motion, rather than a Rule 12(b)(6) motion, because defendant has filed an answer. The same standard is used for deciding a Rule 12(b)(6) and Rule 12(c) motion. *Ziemba v. Wezner*, 366 F.3d 161, 163 (2d Cir. 2004).

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). The plaintiff must satisfy "a flexible 'plausibility standard.'" *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In connection with a motion to dismiss under Rule 12(b)(6), the Court normally may only consider "facts stated in the complaint or documents attached to the complaint as exhibits or incorporated by reference." *Nechis*, 421 F.3d at 100; *accord Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). The Court may only consider a document not appended to the complaint if the document is "incorporated in [the complaint] by reference" or is a document "upon which [the complaint] *solely* relies and . . . is *integral to the complaint*." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)) (emphases in original). Courts also "'routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in other litigation, but rather to establish the fact of such litigation and related filings.'" *Crews v. County of Nassau*, No. 06-CV-2610 (JFB), 2007 U.S. Dist. LEXIS 6572, at *5 n.2 (E.D.N.Y. Jan. 30, 2007) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)). Thus, in the instant case, this Court can consider the filings in the underlying state court action, such as the complaint, because it is referenced by plaintiff in the complaint, is integral to plaintiff's claims, and is a document filed in another court being considered not for its truth, but for the fact of its filing.

3

III. Discussion

Plaintiff claims that defendant violated the FDCPA when it brought suit against plaintiff in the Supreme Court of New York (hereinafter, the "Supreme Court" or the "Supreme Court of New York"), seeking the allegedly outstanding debt and costs of litigation. Specifically, plaintiff argues the following: (1) defendant's claim for costs was a misrepresentation in violation of Section 1692e of the FDCPA, because defendant was not entitled to costs in the forum in which suit was brought; and (2) defendant's bringing suit in the Supreme Court of New York, when "the matter might have been handled more appropriately and more equitably to all parties in another court" (Plaintiff's Memorandum in Opposition, at 5) (internal quotations omitted) was an unfair or unconscionable means to collect debt in violation of Section 1692f of the FDCPA. Defendant argues that plaintiff cannot succeed in this action because (1) defendant is entitled to seek costs in the underlying litigation and, therefore, there was no misrepresentation or unfair means on which to rest a claim under Section 1692e, and (2) the Supreme Court of New York is an appropriate forum in which to bring suit and, therefore, defendant's decision to bring suit there did not violate Section 1692f.

For the reasons set forth below, the Court concludes as a matter of law that the alleged conduct here – namely, filing a lawsuit in the Supreme Court of New York to recover the alleged debt and seeking costs in connection with that lawsuit – cannot provide a basis for an FDCPA violation under the alleged circumstances of this case. In particular, plaintiff concedes that defendant is not precluded under New York law from bringing the suit in the Supreme Court of New York. The fact that the Supreme Court, as a discretionary matter, may decide to remove the case to Nassau District Court (hereinafter, "District Court" or "Nassau District Court") does not transform defendant's decision to file in Supreme Court into an unfair or unconscionable means to collect a debt under the FDCPA. Similarly, although New York courts have declined to impose costs in certain cases brought in Supreme Court that could have been brought in District Court, such decisions do not render the seeking of costs in the state lawsuit at issue here, even if it is denied, improper under New York law. Plaintiff cites to no applicable provision of New York law providing for an absolute bar to the recovery of costs in the state lawsuit at issue here. To the contrary, the plain language of the N.Y. Civil Practice Law & Rule ("CPLR") suggests otherwise. Accordingly, the defendant's alleged actions in connection with New York State lawsuit do not as a matter of law provide a basis for an FDCPA violation in this case.

A. Applicable Law

The FDCPA was created to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 USCS § 1692. Finding that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the Act aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Id*.

15 USCS § 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To determine whether a practice falls within this description, courts apply an objective test based on the understanding of the "least sophisticated consumer." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993). Plaintiff argues that "[b]ecause defendant falsely suggested it was entitled to costs when it was not, it violated [Section 1692e of] the FDCPA." (Plaintiff's Memorandum in Opposition, at 5.)[2] Plaintiff argues that New York courts typically deny costs to parties who bring an action "in the Supreme Court of New York when the matter given the amount claimed could have been brought in the District Court of Nassau County" or another district court. (Plaintiff's Memorandum in Opposition, at 4-5.) Plaintiff contends that such was the case when defendant brought suit against plaintiff in the Supreme Court of New York in September 2007, seeking payment of an outstanding debt. Therefore, plaintiff argues that defendant's claim for costs and its representation in the summons in that case that plaintiff "MAY HAVE TO PAY OTHER COSTS TOO" and that if plaintiff failed to appear or answer, judgment would be taken against her, including "the costs of this action" were false and misleading in violation of Section 1692e of the FDCPA.[3] (Plaintiff's Memorandum in Opposition, at 5.)

15 USCS § 1692f states that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff alleges that defendant's "forcing the [plaintiff] to litigate in Supreme Court when the matter might have been handled more appropriately and more equitably to all parties in another court" constituted a violation of 1692f of the FDCPA. (Plaintiff's Memorandum in Opposition, at 5) (internal quotations omitted).

B. Analysis

Plaintiff's contention, that defendant's alleged conduct in instituting the state lawsuit in New York Supreme Court and seeking costs constitutes an FDCPA violation, fails as a matter of law in this case.

First, with respect to the forum of the state lawsuit, plaintiff's counsel conceded at oral argument that defendant has a right to litigate the debt and that there was nothing barring defendant under state law from bringing the suit in New York Supreme Court. The Supreme Court of New York is a court of general jurisdiction and is competent to entertain all causes of action unless its

---

[2] At oral argument, plaintiff conceded that this claim does not fit within any of the sixteen subsections of Section 1692e. Defendant suggests that this fact indicates the absence of claim under this Section. The Second Circuit, however, has held that the sixteen subsections of 15 USCS § 1692e provide a nonexhaustive list of practices that fall within the statute's ban. A debt collection practice may violate the act even if it does not fall within any of the subsections, and further, a single violation of Section 1692e is sufficient to establish civil liability under the Act. *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

[3] Plaintiff has not actually identified the representations made by defendant that constitute the alleged violation of Section 1692e of the FDCPA, but these are the only statements the Court is aware of in which the defendant asserted any right to costs in the underlying litigation.

jurisdiction has been specifically proscribed. N.Y. Const. art. VI, § 7; *Jones v. Banner Moving & Storage, Inc.*, 78 Misc. 2d 762, 358 N.Y.S.2d 885 (N.Y. Sup. Ct. 1974). Thus, plaintiff's counsel acknowledged at oral argument that the Supreme Court of New York had jurisdiction over defendant's suit against plaintiff for the alleged outstanding debt. Even where the Supreme Court has jurisdiction, however, it will not ordinarily hear actions seeking relief below the monetary limit of a lower court. In such cases, the Supreme Court will usually enforce this policy through its removal powers. CPLR § 325. Defendant's claim in the underlying litigation would have fallen within the monetary jurisdiction of the district courts ($15,000) and, therefore, might be removed to the Nassau District Court at the discretion of the Supreme Court. N.Y. Uniform Dist. Ct. Act § 202. However, that discretionary decision by the Supreme Court, if it is made, does not mean that it was improper under New York law for defendant to initiate the suit in Supreme Court in the first instance. Thus, the filing of the suit in the Supreme Court, which is permissible under New York law, does not provide a basis for a violation under Section 1692e, 1692f, or any other provision of the FDCPA.[4]

---

[4] The FDCPA, in fact, deals explicitly with issues of venue in Section 1692i(a): "[a]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action." Plaintiff does not allege that defendant violated the requirements set forth under Section 1692i, nor does the plaintiff indicate any other reason why litigating the underlying action in the Supreme Court of New York in the county in which

Similarly, with respect to costs, there is no legal basis to conclude that defendant is prohibited under New York law from seeking costs in connection with the lawsuit it has filed in state court against plaintiff. In New York, "[t]he party in whose favor a judgment is entered is entitled to costs in the action, unless otherwise provided by statute or unless the court determines that to so allow costs would not be equitable, under all of the circumstances." CPLR § 8101; *Diaz v. Audi of Am., Inc.*, 50 A.D.3d 728, 731, 858 N.Y.S.2d 179 (N.Y. App. Div. 2008); *Mackey v. Dosiak*, 15 Misc. 3d 161, 162, 830 N.Y.S.2d 451 (N.Y. Sup. Ct. 2006) ("costs in an action are generally a matter of right"). Plaintiff's counsel conceded at oral argument that there is no statutory provision prohibiting costs in the case at issue. "The theory upon which [costs] are allowed to a plaintiff is that the default of the defendant made it necessary to sue him. . . ." *Benner v. English*, 50 Misc. 2d 592, 594 271 N.Y.S.2d 20 (N.Y. Sup. Ct. 1966). Plaintiff has not provided any reason why defendant could not make such an argument for costs in the underlying state litigation at issue here. Furthermore, under New York law, costs may be awarded even in the event of a default judgment. *See, e.g., Blancuzzi v. Allstate Ins. Co.*, 88 A.D.2d 607, 450 N.Y.S.2d 51 (N.Y. App. Div. 1982).

Plaintiff points to two cases to support her assertion that defendant would not be entitled

---

plaintiff resides would have been "unfair" or "unconscionable" as required to establish a claim of a violation of Section 1692f. For these reasons, plaintiff has failed to demonstrate any reason why defendant's choice of forum in the underlying litigation constitutes a violation of Section 1692f or any other provision of the FDCPA.

6

to costs under New York law in the underlying suit. In those cases, the court's decision to transfer suit from Supreme Court to a civil court because the monetary damages sought were below the maximum monetary jurisdiction of the lower court and the plaintiffs in those cases advanced no valid reason to retain jurisdiction in the Supreme Court was affirmed on appeal. *See Midtown Commercial Corp. v. Kelner, et al.*, 29 A.D.2d 349, 351, 288 N.Y.S.2d 122, (N.Y. App. Div. 1968); *Trussell v. Strongo*, 29 A.D.2d 851, 288 N.Y.S.2d 125 (N.Y. App. Div. 1968). Plaintiff argues that, in the instant case, defendant similarly is not entitled to costs in the underlying litigation and, therefore, defendant's claim for costs is a misrepresentation in violation of 15 USCS § 1692e. The cases plaintiff cites, however, are clearly distinguishable from the facts in the underlying action here. CPLR § 8102 governs when costs should be barred for bringing a case in a higher court than necessary, and it applies different standards to cases brought within the City of New York and cases not brought within the City of New York. CPLR § 8102(1) states that a plaintiff is not entitled to costs "in an action brought in the supreme court in a county *within the city of New York* which could have been brought, except for the amount claimed, in the civil court of the city of New York, unless he shall recover *six thousand dollars or more*." (Emphases added). In *Midtown Commercial Corp v. Kelner*, the plaintiff brought suit in Supreme Court in a county within the City of New York seeking to recover $3,500. Accordingly, the denial of costs was clearly the correct result under Section 8102(1).[5]

In contrast, in the instant case, defendant's underlying suit (brought in Nassau County) falls within CPLR § 8102(2), which states that a plaintiff is not entitled to costs "in an action brought in the supreme court in a county *not within the city of New York* which could have been brought, except for the amount claimed, in any court of limited monetary jurisdiction in the county, *unless he shall recover $500 or more*." (emphases added). Defendant's underlying action was brought in a county outside of the City of New York and sought to recover over $14,000 in outstanding debt from plaintiff, well over the minimum set forth in CPLR § 8102(2). As noted *supra*, plaintiff does not dispute the defendant's right to bring a lawsuit in New York Supreme Court to seek to collect the alleged amount of the debt itself. Moreover, under Section 8102(2), if defendant recovers the full amount of the alleged debt of over $14,000, he is permitted to seek costs, even if the action could have been brought in Nassau County District Court or is removed to that court.[6] The lawful nature of defendant's application for costs, under CPLR § 8102(2), is best illustrated by the Fourth Department's 1995 decision in *De Wall v. Owl Homes of Victor,* 213 A.D.2d 977, 978, 624 N.Y.S.2d 482 (N.Y. App. Div. 1995). In *De Wall*, following a non-jury trial, the Supreme Court, Wayne County, awarded plaintiff $2,000 in damages, $700 in costs, $320 in disbursements, and $712.50 in prejudgment

---

[5] The opinion in *Trussell* does not make clear which court plaintiff brought suit in, or the amount of the recovery sought, but it relies on the ruling in *Midtown Commercial Corp*. "decided simultaneously herewith." Therefore, these cases do not suggest that CPLR §§ 8101-8102(2) would not govern here and provide no support for plaintiff's position.

[6] At oral argument, the Court was advised that the underlying state action is ongoing in New York Supreme Court and no decision regarding the claim, or the issue of costs, has been rendered.

7

interest. 213 A.D.2d at 978. Defendant challenged, among other things, the award of costs to plaintiff. *Id.* The Fourth Department, citing CPLR § 8102(2), rejected that argument:

> [T]he court did not err in awarding plaintiff costs. Where, as here, the plaintiff has recovered more than $500 on her complaint, CPLR 8102(2) does not require denial of costs.

*Id.*; *see also Warner Weather-Master of Westchester, Inc. v. Strom*, 44 Misc. 2d 478, 479, 253 N.Y.S.2d 1017 (N.Y. County Ct. 1964) (allowing costs where final recovery was in excess of the minimum amount specified in CPLR § 8102(3)).[7]

---

[7] Even in cases where the action could have been brought in a lower court and costs have been denied, the courts have made clear that it is based on the failure to meet the threshold amounts of CPLR 8102, rather than because some other absolute bar. *See, e.g., Hidden Ponds of Ontario, Inc. v. Estate of Hresent*, 237 A.D.2d 878, 879, 656 N.Y.S.2d 1024 (N.Y. App. Div. 1997) ("The court erred, however, in awarding costs to plaintiff. The action, but for the amount of damages claimed, could have been commenced in Wayne County Court. Plaintiff did not recover damages in excess of $500 and, thus, CPLR 8102(2) precludes an award of costs. Nevertheless, the court may award disbursements even though plaintiff is not entitled to costs (*see,* CPLR 8301(c))."); accord G & L Discount Corp. v. Carroll, 112 Misc. 2d 36, 36, 447 N.Y.S.2d 421 (N.Y. Sup. Ct. 1981) ("While the clerk would properly refuse to enter *costs* since the amount recovered did not exceed $500 (CPLR 8102), the plaintiff is entitled to recover *disbursements* by virtue of CPLR 8301 (subd [c]) . . . .") (emphases in original).

Therefore, the case at hand is easily distinguishable from the cases relied upon by plaintiff, and plaintiff has pointed to no case law suggesting there is an absolute bar to recovery of costs in an action brought in Supreme Court for the amount of money at issue here – namely, 14,239.77 – which is beyond the threshold amount of $500 in CPLR § 8102(2). For these reasons, plaintiff cannot demonstrate that defendant's claims or representations in the underlying state lawsuit regarding costs were false or misleading, or violated Section 1692e, 1692f or any other FDCPA provision, in any respect.

The Court recognizes the case law referenced by plaintiff's counsel at oral argument which has held that a debt collector's filing of a time-barred claim against a debtor may provide the basis for an FDCPA claim. *See, e.g., Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 332 (6th Cir. 2006) (collecting cases); *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767 (8th Cir. 2001) (collecting cases). The Court, however, finds these cases completely inapposite here. As a threshold matter, here it is undisputed that (1) defendant had a right to seek to recover the alleged debt at issue in the underlying litigation; and (2) that New York Supreme Court was a valid forum under New York law in which to file such a suit. Therefore, defendant did not knowingly file a lawsuit against plaintiff that clearly would be unsuccessful from the outset as a matter of law. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 333 (6th Cir. 2006) (refusing to analogize a weak legal claim to a time-barred claim for purposes of an FDCPA claim because "a debt may be properly pursued in court, even if the debt collector does not yet possess adequate proof of its claim"). To the extent that plaintiff argues that such cases are

8

analogous to the situation here because the defendant's effort to seek costs in the state court case is frivolous under New York law, the Court finds that argument to be completely without merit. As discussed *supra*, plaintiff has cited no provision of New York law or case authority to suggest that there is an absolute bar to seeking costs in the underlying state litigation. To the contrary, CPLR 8102(2), as well as cases like *De Wall*, clearly demonstrate that it is permissible under New York law for a plaintiff to seek costs in Supreme Court, even where the action could have been brought in a lower court, where the recovery is more than $500. Therefore, because plaintiff is seeking the recovery of more than $14,000 in Supreme Court, there is absolutely no basis to conclude that seeking costs (even if such request is ultimately denied by the state court) is frivolous under New York State law or provides grounds under the circumstances of this case for an FDCPA violation.

## IV. Conclusion

For the reasons stated, defendant's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) is granted. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: November 7, 2008
Central Islip, NY

\* \* \*

The attorney for plaintiff Sheryl Stark is Lawrence Katz, Esq., 445 Central Avenue, Suite 206, Cedarhurst, New York, 11516. The attorney for the defendant Hudson & Keyse, LLC is Arthur Sanders, Esq. of Mel Harris & Associates LLC, 5 Hanover Square, 8th Floor, New York, New York 10004.